IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERIC ALLEN ROBERTS, FW-8799, )
    Petitioner, )
     )
    v. ) 2:09-cv-1012
     )
MELVIN LOCKETT, et al., )
    Respondents. )

MEMORANDUM AND ORDER

Mitchell, M.J.:

Eric Allen Roberts has presented a petition for a writ of habeas corpus which he has been granted leave to prosecute in forma pauperis. For the reasons set forth below, the petition will be dismissed and because reasonable jurists could not concluded that a basis for appeal exits, a certificate of appealability will be denied.

Roberts is presently incarcerated at the State Correctional Institution at Greensburg serving a fourteen to thirty year sentence imposed following his conviction upon a plea of guilty to charges of attempted homicide, aggravated assault and burglary at No. CC 200105721, in the Court of Common Pleas of Allegheny County, Pennsylvania.[1]. This sentence was imposed on

---

[1] The petitioner originally proceeded to trial on August 1, 2002. "On the second day of trial, based on [defense counsel's] representation that petitioner had been consulting with another attorney who had suggested to petitioner that [defense counsel's] representation was ineffective, Judge Cashman declared a mistrial." When the matter was scheduled for a retrial, defense counsel moved to dismiss on double jeopardy grounds. That motion was denied by the trial court, the Superior Court affirmed and leave to appeal was denied by the Pennsylvania Supreme Court. (See: answer at pp.2-4).

June 28, 2004.[2]

A timely notice of appeal was filed on July 22, 2004 and a post-conviction petition was filed on July 28, 2004.[3] The latter petition was dismissed due to the pendency of the appeal.[4] The trial court agreed that the sentence imposed was illegal and on July 25, 2005, the Superior Court vacated the conviction and remanded for re-sentencing.[5]

On October 4, 2005, the petitioner was re-sentenced to a corrected fourteen to thirty year sentence followed by ten years of probation.[6] An appeal was taken to the Superior Court in which the questions presented were :

> 1. Whether the guilty plea should be withdrawn based upon a showing of a manifest injustice?
>
> 2. Whether prior counsel gave ineffective assistance for failing to properly argue and preserve the issue that the guilty plea should have been withdrawn?
>
> 3. Whether the sentencing court abused its discretion by failing to sentence appellant to a sentence that was less than the plea bargain?
>
> 4. Whether counsel gave ineffective assistance for failing to raise the issue concerning the discretionary aspects of sentencing?[7]

On August 31, 2007, the judgment of sentence was affirmed.[8]

---

[2] See: Petition at ¶¶ 1-6.

[3] See: Answer at p.4.

[4] See: Answer at p.5.

[5] Id.

[6] See: Exhibit 28 to the answer of the Commonwealth.

[7] See: Exhibit 39 to the answer of the Commonwealth.

[8] See: Exhibit 43 to the answer.

On September 20, 2007, Roberts filed a post-conviction petition. That petition was dismissed on January 23, 2008, and a timely pro se appeal to the Superior Court was filed in which the issues presented were:

> 1. Whether the court committed error of law in dismissing petitioner's PCRA petition since counsel's Finley/no merit letter did not address that trial and appellate counsel were ineffective for failing to address the issue of defendant being heavily medicated at the time of the plea?
>
> 2. Whether the court committed error of law in dismissing petitioner's PCRA petition since counsel's Finley/no merit letter did not address that trial and appellate counsel were ineffective for failing to address defendant's rehabilitative needs?
>
> 3. Whether PCRA counsel failed to conduct an independent review of defendant's entire mental health history, doctor's reports, hospital stays, etc. when making his decision to file his Finley/no merit letter?[9]

On November 13, 2008, the denial of post-conviction relief was affirmed.[10]

A pro se petition for leave to appeal to the Pennsylvania Supreme Court was filed in which the issue presented was:

> Whether the Superior Court erred in affirming the PCRA Order and Opinion of the Court of Common Pleas of Allegheny County No. CP-02-CR-0005721-2001, particularly with regard to: a) The PCRA Court dismissing petitioner's PCRA petition when PCRA counsel's no merit letter failed to address guilty plea and direct appeals counsel's ineffectiveness and; b) PCRA counsel's failure to conduct an adequate independent review when he made his decision to file a no-merit letter.[11]

On April 28, 2009, leave to appeal was denied.[12]

---

[9] See: Exhibit 49 to the answer.

[10] See: Exhibit 51 to the answer of the Commonwealth.

[11] See: Exhibit 53 to the answer of the Commonwealth.

[12] See: Exhibit 54 to the answer of the Commonwealth.

In the instant petition, executed on August 2, 2009, Roberts contends he is entitled to relief on the following grounds:

> Ground 1: Petitioner's rights under the United States and Pennsylvania Constitution were violated when the trial court denied his motion to dismiss pursuant to the double jeopardy clause.
>
> Ground 2:
>
> (a) Petitioner was denied his constitutional right to the effective assistance of counsel when his attorney permitted him to enter a guilty plea while he was heavily medicated.
>
> (b) Petitioner was denied his constitutional right to the effective assistance of counsel when his attorney failed to argue and preserve the issue that the guilty plea should have been withdrawn.
>
> (C) Petitioner was denied his constitutional right to the effective assistance of counsel when his attorney failed to address petitioner's extensive mental health history and rehabilitative needs at sentencing.[13]

The background to this prosecution is set forth in the November 13, 2008 Memorandum of the Superior Court in which it is noted:

> On June 7, 2001, Appellant was charged with attempted homicide, aggravated assault, and burglary in connection with a November 6, 2000 incident. Appellant broke into the residence of his former wife, Dava Cook, and stabbed her with a kitchen knife twenty-seven times.
>
> * * *
>
> Appellant entered a negotiated guilty plea to all three charges in exchange for a sentence of fourteen to thirty years imprisonment followed by a probationary term to be fixed by the court. The guilty plea was accepted, and Appellant was sentenced to fourteen to thirty years in prison with a consecutive sentence of ten years probation [i.e, pursuant to the agreement]. Appellant filed a timely *pro se* motion to withdraw his guilty plea and then a *pro se* direct appeal ... On appeal, Appellant successfully argued that his sentence on attempted murder was illegal because the crime had been graded improperly, and we remanded for

---

[13] See: Petition at ¶ 13.

resentencing...

Appellant was resentenced to the same term of imprisonment through an adjustment on the sentence imposed on the burglary conviction. On appeal, we affirmed.

\* \* \*

Appellant suggests that his plea was invalid because he was on Lithium when the plea was entered and "Appellant also told [the] court that he did not understand anything and [the] court proceed[ed] with the plea"... Appellant's claim is contradicted by the record of the plea proceedings...[14]

He now seeks relief from this Court.

It is provided in 28 U.S.C. §2254(b) that:

An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

This statute represents a codification of the well-established concept which requires that before a federal court will review any allegations raised by a state prisoner, those allegations must first be presented to that state's highest court for consideration. Preiser v. Rodriguez, 411 U.S. 475 (1973); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Doctor v. Walters, 96 F.3d 675 (3d Cir. 1996).

It is only when a petitioner has demonstrated that the available corrective process would be ineffective or futile that the exhaustion requirement will not be imposed. Preiser v. Rodriguez, supra.; Walker v. Vaughn, 53 F.3d 609 (3d Cir. 1995).

If it appears that there are available state court remedies, the court must determine

---

[14] See: Exhibit 51 to the second supplemental answer of the Commonwealth.

whether a procedural default has occurred. If a procedural default has occurred, the court must determine whether cause or prejudice exists for the default, or whether a fundamental miscarriage of justice would result from a failure to consider the claims. Carter v. Vaughn, 62 F.3d 591 (3d Cir. 1995).

In construing § 2254(d)(1), the Court in Williams v. Taylor, 529 U.S. 362, 412-413 (2000) stated:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied - the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

In Hameen v. Delaware, 212 F.3d 226, 235 (3d Cir. 2000), the Court determined:

> The Court in Williams v. Taylor held that "[u]nder the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." Williams v. Taylor, further held that "[u]nder the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." The "unreasonable application" inquiry requires the habeas court to "ask whether the state court's application of clearly established federal law was objectively unreasonable." Thus, under the "unreasonable application" clause, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." The Court in Williams v. Taylor made it clear that the "contrary to" and "unreasonable application" clauses have independent meaning.

In the instant case, the Commonwealth concedes that the issues which the petitioner seeks to raise here have been presented to the courts of the Commonwealth in the first instance and are properly before this Court for disposition.[15]

In challenging a conviction based upon a plea of guilty, a habeas petition must demonstrate that his plea was not knowingly and voluntarily entered. Tollett v. Henderson, 411 U.S. 258 (1973); Meyers v. Gillis, 93 F.3d 1147 (3d Cir.1998). A very narrow exception to this holding exists where the court was without jurisdiction to impose any sentence, as where a petitioner's protection against double jeopardy is violated. Menna v. New York, 423 U.S. 61, 62-63 (1975) specifically holding that:

> Where the State is precluded by the United States Constitution from hailing a defendant into court on a charge, federal law requires that a conviction on that charge be set aside even if the conviction was entered pursuant to a counseled plea of guilty... We do not hold that a double jeopardy claim may never be waived, we simply hold that a plea of guilty to a charge does not waive a claim that - judged on its face- the charge is one which the State may not constitutionally prosecute.

However, in United States v. Broce, 488 U.S. 563, 575 (1989), the Court specifically referring to its holding in Menna, held that:

> The petitioner in Menna had refused, after a grant of immunity, to obey a court order to testify before a grant jury. He was adjudicated in contempt of court and sentenced to a term in civil jail. After he was released, he was indicted for the same refusal to answer the questions. He pleaded guilty and was sentenced, but then appealed on double jeopardy grounds. The New York Court of Appeals concluded that Menna had waived his double jeopardy claim by pleading guilty. We revered, citing Blackledge [v. Perry, 417 U.S. 21 (1974)] for the proposition that "[w]here the State is precluded by the United States Constitution from haling a defendant into court on a charge, federal law requires that a conviction on that charge be set aside even if the conviction was entered pursuant to a counseled plea of guilty." 423 U.S. at 62. We added however, an important qualification:

---

[15] See: Answer of the Commonwealth at p.16.

> "We do not hold that a double jeopardy claim may never be
> waived. We simply hold that a plea of guilty to a charge does not
> waive a claim that - *judged on its face* - the charge is one which the
> State may not constitutionally prosecute." *Id.*, at 63, n.2 (emphasis
> added).

That is, merely the fact that the petitioner is involved in a second litigation on the same charge does not automatically prevent the case from going forward on double jeopardy grounds. It is only where the proceedings are constitutionally infirm, as where a defendant has already been convicted of a charge and the same charge is refiled that the second prosecution is a nullity. That is not the case here.

The initial criminal proceedings resulted in a declaration of a mistrial when on August 6, 2002, defense counsel stated:

> Your Honor, I stand before you as current counsel for Ellis Roberts at CC No. 200105721.
>
> Due to facts that I believe are on record from last Friday, I am asking this Court permission to withdraw in that I feel that the relationship between myself and Mr. Roberts that was delicate and strenuous at times before Friday became irreparably broken or strained by some third-party contact with another attorney...
>
> [ADA]: Your Honor, I would just like if the record would reflect that I guess that's Mr. Ellis's [Ellis Roberts] wish as well, to have you withdraw from this case as well?
>
> [Defense counsel]: I believe so.

Whereupon, trial counsel was permitted to withdraw.[16]

The first issue we examine is whether or not the trial court was without jurisdiction to entertain the petitioner's plea. Only if that issue is resolved against the petitioner, need we examine whether or not the petitioner's plea was knowingly and voluntarily entered.

---

[16] See: Exhibit 3 to the answer of the Commonwealth.

The issue of whether the trial court had jurisdiction to hear this matter arises from the original declaration of a mistrial due to the petitioner's claim that counsel was ineffective and whether retrying him constituted double jeopardy.

In reviewing the double jeopardy issue, the Superior Court noted:

> Appellant specifically argues that the trial court erred in declaring a mistrial *sua sponte* where the court did not consider less drastic alternatives and where the defendant neither requested nor consented to a mistrial. He contends that the manifest necessity required for a *sua sponte* declaration of a mistrial did not exist; that the court abused its discretion in granting a mistrial; and that the double jeopardy provisions of the Fifth Amendment of the United States Constitution and Article I, § 10 of the Pennsylvania Constitution prevent him from undergoing a second trial on the charges...
>
> It is within the trial judge's discretion to declare a mistrial *sua sponte*, and absent an abuse of discretion we will not disturb the decision.

Accordingly, the Superior Court concluded that no abuse of discretion had occurred, and the petitioner's double jeopardy protection had not been abridged.[17] In the instant case, defense counsel was granted leave to withdraw with the consent of the petitioner, and the trial court was left with no alternative save declaring a mistrial. We agree that this same conclusion reached by the Superior Court is not contrary to clearly established federal case law as determined by the Supreme Court, and accordingly, it does not provide a basis for relief here.

Thus, the remaining question is whether or not the petitioner's plea was knowingly and voluntarily entered.

At the plea hearing held on June 28, 2004, the petitioner appeared with counsel and testified that he had no problem understanding the plea questionnaire which he had previously executed (TT.2); that he understood the charges and the possible penalties which could be

---

[17] See: Exhibit A to Commonwealth's Exhibit 13.

imposed (TT.2); that counsel had explained the charges and penalties and he was satisfied with counsel's representation (TT.3); that he understood his rights to proceed to a jury trial (TT.3); that no force or coercion had been employed to induce his plea (TT.3); that he was aware that entry of his plea would also trigger a parole violation charge (TT.4); that he had taken lithium prior to the hearing but understood what was occurring and the colloquy (TT.4-5); that he was pleading because he was in fact guilty of the charges (TT.5), and that he concurred in the terms of the plea agreement as set forth by his counsel (TT.6). Counsel set forth the terms of the plea agreement whereby in exchange for his plea a fourteen to thirty year sentence would be imposed (TT.6), and the trial court imposed that sentence (TT.8).

      Thus, like the Superior Court we conclude that the petitioner's plea was knowingly and voluntarily entered and that the factual determination of the Pennsylvania courts on this issue is not contrary to Supreme Court precedent. Accordingly, the petition here is without merit, and it will be dismissed. And, because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

      An appropriate Order will be entered.

ORDER

AND NOW, this 15th day of September, 2009 for the reasons set forth in the foregoing Memorandum, the petition of Eric Allen Roberts for a writ of habeas corpus is dismissed, and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability is denied.

s/ Robert C. Mitchell<br>
United States Magistrate Judge